O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Defendant's Motion to Dismiss

      Pending before the Court is Defendant CitiMortgage, Inc.'s ("Defendant" or "CitiMortgage") motion to dismiss Plaintiffs Robert Van Ryzin and Lisa Van Ryzin's ("Plaintiffs") Complaint. *See* Dkt. # 7. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having read and considered the moving and opposing papers, the Court GRANTS the motion to dismiss.

I.    Background

      This action arises out of the foreclosure of Plaintiffs' home. Plaintiffs borrowed $304,053.22 from Citicorp Trust Bank, FSB on November 12, 2005, for the purchase of a residential property (the "Property") in Murietta, California, and the Deed of Trust was recorded on November 30, 2005. *See Defendant CitiMortgage's Request for Judicial Notice* ("RJN"), Ex. A. Citicorp Trust Bank, FSB was named as the lender and Verdugo Trustee Service Corporation was named as the trustee. *Id.* On April 24, 2012, Citibank, N.A., as successor in interest by merger to Citicorp Trust Bank, FSB, executed an Assignment of Deed of Trust, assigning the beneficial interest to U.S. Bank National Association ("U.S. Bank, N.A."). *RJN*, Ex. B. The Assignment of Deed of Trust was recorded on May 1, 2012. On May 7, 2012, Plaintiffs received a letter from BSI Financial Services, Inc. ("BSI") notifying them that U.S. Bank, N.A. had replaced Citibank, N.A. as the creditor on their loan. *NOR*, Ex, A, Ex. 1. The letter also indicated that BSI had replaced Defendant as the loan servicer. *Id.* On June 26, 2012, Fidelity National Title Company ("Fidelity"), on behalf of U.S. Bank, N.A., recorded a Notice of Default, which included a Notice of Default declaration that the requirements of California Civil

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

Code § 2923.5 had been met. *RJN*, Ex. C. On September 27, 2012, U.S. Bank, N.A. recorded a Substitution of Trustee, substituting Fidelity as Trustee. *See Defendant CitiMortgage's Supplemental Request for Judicial Notice* ("Supp. RJN"), Ex. A. That same day, Fidelity recorded a Notice of Trustee's Sale, with a sale date scheduled for October 17, 2012. *RJN*, Ex. D. Fidelity then conveyed the Property to Wilmington Trust, N.A., as successor trustee to Citibank, N.A., as trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2006-17. *RJN,* Ex. E.

This action was filed on December 13, 2012, in state court. *See NOR,* Ex. A. It was removed on January 14, 2013. *See NOR*. Plaintiffs allege claims for breach of contract, injunctive relief, cancellation of instruments, and violation of California Civil Code § 2923.5. *See NOR*, Ex. A at ¶¶ 18-37. Plaintiffs' claims are based on allegations that Defendant improperly recorded a Notice of Default and Notice of Trustee's Sale on the Property when it did not have the authority to do so. *Id.* at ¶¶ 6, 9-10. Plaintiffs also claim that Defendant sold the Property at a trustee's sale on December 7, 2012, even though it did not have authority to do so. *Id.* ¶ 12. Defendant filed the pending motion to dismiss, arguing that Plaintiffs cannot state a claim for relief because all of Plaintiffs' claims are based on the mistaken belief that Defendant recorded the foreclosure notices and sold the Property when in fact, the foreclosure notices were recorded after Defendant had already disassociated itself from the Property. *Mot.* 1:18-25.

II.     Legal Standard

    A.     Motion to Dismiss

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 678-79. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal,* 556 U.S. at 678-79. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988).

B. <u>Judicial</u> <u>Notice</u>

In ruling on a motion to dismiss, a court may consider certain documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, a court may consider: (a) documents that are properly submitted as part of the complaint; (b) documents upon which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) matters of public record of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* A court can take judicial notice of facts in recorded documents that are not subject to a reasonable dispute. *See Lund v. Harbor View Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-3,* No. 2:11-cv-00384-RLH-RJJ, 2011 WL 2470580, *1, n.1 (D. Nev. June 21, 2011).

Defendant requests that the Court take judicial notice of the exhibits submitted concurrently with its motion. The exhibits consist of documents that were recorded by the Riverside County Recorder. A party can challenge a request for judicial notice by raising a reasonable dispute as to the authenticity of the documents and the facts contained within the documents. Plaintiffs do not contest the authenticity of the documents, but only argue that they mean something other than what Defendant claims. Plaintiffs do not offer any evidence that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

would give rise to a reasonable dispute that the facts contained within those documents are false. There is no reason given for the Court to not rely on them. Accordingly, the Court takes judicial notice of Defendant's Exhibits A through E and Defendant's Supplemental Exhibit A.

III.    Discussion

Defendant alleges that Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs mistakenly attribute the foreclosure to Defendant, when in fact, Fidelity foreclosed on the Property. Defendant also alleges that Plaintiffs have failed to state a claim for breach of contract and that Plaintiffs' equitable claims are barred because Plaintiffs have failed to allege tender. Each argument will be addressed in turn.

A.    Whether Defendant Foreclosed on the Property

Defendant contends that Plaintiffs cannot state a claim upon which relief can be granted because Defendant did not foreclose on the Property and all of Plaintiffs' causes of action are based on the allegation that Defendant foreclosed on the Property. The allegations at issue in the Complaint are breach of contract, injunctive relief, cancellation of instruments, and violation of California Civil Code § 2923.5. All of the allegations are necessarily based on the assumption that Defendant foreclosed on the Property.

The breach of contract claim alleges that Defendant wrongfully proceeded with a foreclosure sale: "Citi proceeded with foreclosure with respect to a loan they no longer owned, or if owned, before completing the [loan modification] evaluation process and before expiration of the HAMP appeal process." *NOR*, Ex. A, ¶ 20. Along the same vein, the cause of action for violation of California Civil Code § 2923.5 is based on the allegation that it was wrong for Defendant to proceed with foreclosure while the loan modification was being processed by BSI Financial. *Id.* ¶ 37. The claims seeking injunctive relief and cancellation of instruments, while not independent causes of action, also seek remedies from the allegedly wrongful foreclosure. *See Mangindin v. Washington Mut.* Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009) ("Rescission and injunctive relief are not independent causes of action.") (citation omitted); *Camp v. Board of Supervisors,* 123 Cal.App.3d 334, 356, 176 Cal.Rptr. 620 (1981) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.") (citation omitted). Thus, all of the claims are premised on the underlying allegation that Defendant wrongfully foreclosed on the Property.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

Defendant points to the judicially noticed documents to argue that Defendant cannot be liable under the theories asserted by Plaintiffs because Defendant did not foreclose on the Property. The Assignment of Deed of Trust shows that Citibank, N.A. transferred its interest in the Property to U.S. Bank, N.A. on April 24, 2012. *RJN*, Ex. B. The Notice of Default was issued by Fidelity, described in the Notice of Default as "Agent to the Beneficiary." *RJN*, Ex. C. Because the Notice of Default post-dated the Assignment of Deed of Trust, which named U.S. Bank, N.A. as the Trustee, the document indicates that Fidelity, as agent to U.S. Bank, N.A., issued the Notice of Default. Furthermore, after the Notice of Default was recorded, U.S. Bank, N.A. substituted Fidelity as Trustee. *Supp. RJN*, Ex. A. Fidelity then issued the Notice of Trustee's Sale. *RJN*, Ex. D. The Trustee's Deed Upon Sale states: "Fidelity National Title Company . . . does hereby grant and convey . . . to Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2006-17 . . ." *RJN*, Ex. E. Thus, it was Fidelity, and not Defendant, who foreclosed on the Property.

Plaintiffs argue that the documents suggest a competing interpretation. Plaintiffs point to language in the Notice of Default and Notice of Trustee's Sale that references "Citicorp Trust Bank, FSB, as Beneficiary." *See RJN*, Ex. C at 2, Ex. D at 1. However, taken in context, it is clear that the reference to "Citicorp Trust Bank, FSB, as Beneficiary" is describing the execution of the Deed of Trust dated November 12, 2005:

> That Default has been declared under a Deed of Trust dated as of November 12, 2005, executed by ROBERT T. VAN RYZIN and LISA M. VAN RYZIN, HUSBAND AND WIFE AS J/T, as trustor, to secure obligations in favor of Citicorp Trust Bank, FSB, as Beneficiary, recorded November 30, 2005, as Instrument No. 2005-0986326 of the Official Records in the office of the Recorder of Riverside County, California . . .

*RJN*, Ex. C, at 2. In both Exhibits C and D, the language describes the beneficiary at the time the Deed of Trust was executed. It does not describe Citicorp Trust Bank, FSB as the current beneficiary or trustee. In fact, Exhibit D explains that Fidelity is the "duly appointed Trustee." *RJN*, Ex. D. Thus, the documents establish that Citibank, N.A. had already assigned its interest in the Property at the time of the foreclosure and that it was Fidelity that foreclosed on the Property.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00086 PSG (OPx) | Date | March 22, 2013 |
|---|---|---|---|
| Title | *Robert Van Ryzin, et al. v. CitiMortgage, Inc.* | | |

    The Court's interpretation is buttressed by the documents Plaintiffs attached to their Complaint. Attached as Exhibit 1 to Plaintiffs' Complaint is a letter from Defendant dated April 26, 2012, in which Defendant notified Plaintiffs that it had assigned their loan and that BSI, not Defendant, would be servicing Plaintiffs' loan. *NOR*, Ex. A, Ex. 1. Included in Exhibit 1 is a letter from BSI dated May 7, 2012, explaining that U.S. Bank, N.A. had replaced Citibank, N.A., as the creditor of the loan, and that BSI had replaced Defendant as the servicer of the loan. *Id.*

    The judicially noticed documents and the exhibits attached to the Complaint fatally undermine Plaintiffs' allegations. *Sprewell,* 266 F.3d at 988. Because the documents directly contradict the allegation that Defendant foreclosed on the Property, an allegation upon which all of Plaintiffs' causes of action are based, the Court cannot find that Plaintiffs have stated a plausible claim for relief. *See Iqbal*, 556 U.S. at 678-79. Having determined that all of Plaintiffs' claims are deficient because they are directly contradicted by the judicially noticed documents, the Court need not reach Plaintiffs' other arguments. Because based on the contents of the documents this Court has judicially noticed, Plaintiffs cannot plead additional facts as to Defendant's involvement in the foreclosure process that would state a claim upon which relief can be granted, the Complaint is DISMISSED WITH PREJUDICE.

IV.    <u>Conclusion</u>

    Thus, based on the foregoing, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted. As such, the Complaint is DISMISSED WITH PREJUDICE.

    **IT IS SO ORDERED.**